**OFFICIAL FORM B9I** (Chapter 13 Case) (12/12)　　　　　　　　　　　　　　　　　　　　　　　　Case Number **15–14359 –msh**

# UNITED STATES BANKRUPTCY COURT
District of Massachusetts

## Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

The debtor(s) listed below filed a chapter 13 bankruptcy case on 11/9/15.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors – Do not file this notice in connection with any proof of claim or document you submit to the court.**

Debtor (name(s) used in the last 8 years, including married, maiden, trade) and addresses:
Lynne Pierce
61 Broad Reach M51B
North Weymouth, MA 02191

| **Case Number:** 15–14359 –msh | Social Security/Taxpayer ID/Employer ID/Other Nos.: xxx–xx–8771 |
|---|---|
| Attorney for Debtor(s) (name and address): Peter M. Daigle The Law Office of Peter M. Daigle, P. C. 1550 Falmouth Road Suite 10 Centerville, MA 02632 Telephone number: (508) 771–7444 | Bankruptcy Trustee (name and address): Carolyn Bankowski–13 Chapter 13 Trustee Boston P. O. Box 8250 Boston, MA 02114 Telephone number: 617–723–1313 |

## Meeting of creditors

Date: **December 15, 2015**　　　　　　　　　　　　　　　　　　　　　　　　Time: **09:30 AM**
Location: **J.W. McCormack Post Office & Court House, 5 Post Office Square, Room 325, Boston, MA 02109**

## Deadlines:
**Papers must be *received* by the bankruptcy clerk's office no later than 4:30 PM (Eastern Time) by the following deadlines:**

**Deadline to file a proof of claim:**
For all unsecured and secured creditors (except a governmental unit): **3/14/16**
For a governmental unit: 180 days from the date the bankruptcy petition was filed.
**Deadline to file surrogate proofs of claim by the debtor or trustee under Fed. R. Bankr. P. 3004:**
Thirty (30) days after applicable bar date or as extended by the Court.
In the event a creditor does not timely file a proof of claim, a surrogate claim is not timely filed, or a claim is not allowed by the Court, the creditor may not receive distribution under the Chapter 13 plan.
**Deadline to file §503(b)(9) requests:** Requests under Bankruptcy Code §503(b)(9)(goods sold within twenty (20) days of bankruptcy) must be received in the Bankruptcy Clerk's office within sixty (60) days from the first date set for the meeting of creditors.
**Deadline to challenge dischargeability of certain debts: 2/16/16**
**Deadline to object to exemptions:** Thirty (30) days after the *conclusion* of the meeting of creditors.

**Filing of plan, deadline to object to plan, hearing on confirmation of plan**
*Unless otherwise permitted by the court, the debtor has 14 days from case filing to file a plan if it has not been filed already.*
*Pursuant to MLBR 13–8(a), any objection to confirmation of a chapter 13 plan shall be filed no later than the later of (i) thirty (30) days after the first date set for the section 341 meeting or (ii) thirty (30) days after service of an amended or modified plan, unless otherwise ordered by the Court.* **If an objection to a plan is filed, the Court may schedule a hearing.**

## Creditors with foreign address:
A creditor to whom this notice is sent to a foreign address should read the information on the reverse side under "Claims".

## Creditors may not take certain actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| **Address of the Bankruptcy Clerk's Office:** U. S. Bankruptcy Court J.W. McCormack Post Office & Court House 5 Post Office Square, Suite 1150 Boston, MA 02109–3945 Telephone number: 617–748–5300 | **For the Court:** Clerk of the Bankruptcy Court: James M. Lynch |
|---|---|
| Hours Open: Monday – Friday 8:30 AM – 5:00 PM | Date: 11/13/15 |

**Please refer to both sides for important information**

**EXPLANATIONS**                 OFFICIAL FORM B9I (12/12)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under Chapter 13 of the Bankruptcy Code (Title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| **Legal Advice** | **The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case.** |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Financial Management Training Program for the Debtor | The discharge will not enter if the debtor fails to attend a financial management training program approved by the U.S. Trustee or if the debtor attends such training and fails to file a certificate of completion with the U.S. Bankruptcy Court. The training is in addition to the pre–bankruptcy counseling requirement. A list of approved courses may be obtained from the U.S. Trustee office or from the Court website at www.mab.uscourts.gov. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. A Proof of Claim form ("Official Form B10") may be obtained from any bankruptcy clerk's office or printed from the Court's website at (http://www.mab.uscourts.gov/mab/creditorinformation). You may also file your claim electronically through the court's website. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to file a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Foreign Creditor:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline.<br>*Do not include this notice with any filing you make with the court.* |
| Dischargeability of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2) or (4), you must file a complaint in the bankruptcy clerk's office by the Deadline to Challenge the Dischargeability of Certain Debts listed on the front of this form. The bankruptcy clerk's office must receive the motion or complaint and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Creditors with Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

**Refer to other side for important deadlines and notices**